JOSEPH COCKAYNE *versus* BRADFORD SUMNER *et al*
Executors.

Under the laws of Louisiana, after an insolvent debtor has surrendered his property to his creditors, and a syndic, appointed by them, has taken charge thereof, if any of the property be lost, the creditors are to sustain the loss, and a creditor cannot sue the debtor until it appears that the creditor will realize nothing from the property so surrendered. In an action by a surety residing in New Orleans, against his co-surety for contribution for money paid on the account of their principal, it appeared in evidence that the principal in New Orleans had surrendered his property to his creditors, that a syndic had been appointed, and that the property surrendered was apparently more than sufficient to pay all his debts, including the claim of the plaintiff, who was named among the creditors. It was *held*, that it would be presumed, that the plaintiff knew of the surrender of the property, and that it being a public proceeding conducted according to the provisions of law, he was bound by it; that the evidence was *primâ facie*, a bar to the action, and that to rebut it the plaintiff must show what disposition had been made of the property surrendered, and that upon settling the accounts, he would receive nothing from it.

THIS was an appeal from the decision of the commissioners appointed in the Court of Probate, to examine the claims against the estate of Newton Willey, represented as insolvent by the defendants, who were his executors.

It appeared, that in the report of the commissioners, the claim of the appellant was disallowed ; that an appeal from

their decision was claimed and entered in this Court ; and that the appellees pleaded the general issue to the claim, which was joined.

At the trial, before *Wilde* J., it was proved, that the testator, in February, 1832, was in New Orleans, where the appellant's late firm, Cockayne, Watts & Co., was established in business ; that the testator and Cockayne, Watts & Co. and Ezekiel Hayes, also an inhabitant of New Orleans, purchased, on the 21st of February, 1832, a parcel of land in New Orleans, of John Rose, in the proportion of one third to each party, for the sum of $ 60,000 ; that the purchasers gave therefor four promissory notes for the sum of $ 15,000 each, drawn by Hayes to the joint order of Cockayne, Watts & Co. and the testator, and jointly indorsed by them, payable respectively in one, two, three and four years after date, and mortgaged the land to Rose in order to secure the payment of the notes.

It further appeared, that notwithstanding the form of the notes, the parties, as between themselves, were respectively bound to pay one third part of each note at maturity ; that before the maturity of the first of these notes, Hayes failed in business, and in April, 1833, made a surrender of his property, pursuant to the laws of Louisiana, for the benefit of his creditors ; that the amount of property surrendered, according to a schedule made and sworn to by Hayes, was $ 127,734·79, and that the amount of debts due from him, was $ 95,444·46 ; that no part of such property appeared to have been accounted for ; and that Hayes, in his surrender of his property, made Cockayne, Watts & Co. creditors for the full amount of the demand sought to be recovered in this action, and was himself appointed syndic of his property, by his creditors.

It also appeared, that payment of the notes falling due in February 1832 and 1833, was duly demanded of Hayes ; that on non-payment thereof by him, they were protested and the indorsers notified ; that these two notes were paid by Cockayne, Watts & Co. or the survivors of that firm ; that the testator contributed his full one third part of the first note, and Cockayne, Watts & Co. drew on him on account of his third part of the second note, for the sum of $ 5350, the proceeds

of which were credited to him in account; that Hayes also paid Cockayne, Watts & Co., on account of his third part of the first note, the sum of $ 1500, and on account of his third part of the second note, the sum of $ 677·43.

It further appeared, that Watts having died prior to the maturity of the second note, the surviving partners instituted proceedings ·in the competent court in Louisiana for partition of the land ; that it appearing to the court that the land was not susceptible of division, it was ordered that it should be sold by auction, the purchaser to assume the unpaid notes ; that a sale was accordingly made, but not until the 7th of March, 1834, after the payment of the second note ; that the highest sum bid being $ 36,500, it was adjudged to the purchaser for that price, and the purchaser obligated himself to pay the last two notes when they should become due.

The appellant claimed to recover a moiety of the amount paid by Cockayne, Watts & Co. or the survivors, on account of Hayes's third part of the first two notes, and sundry expenses incurred by them in the care of the property and in the course of the judicial proceedings.

It was testified by Hayes, that since his failure, he had not paid any part of his debts, and that it had never been in his power to pay any portion of such notes.

The appellees contended, and the court so ruled, that as it appeared, that Hayes had made a surrender of his property for the payment of his debts, according to the laws of Louisiana, and that the property surrendered apparently much exceeded the amount of debts due from him, and as it further appeared, that Cockayne, Watts & Co. were made creditors by Hayes for the full amount of their claims, the appellant could not recover in this action, unless the jury were satisfied from the evidence, that nothing had been or could be realized from the property so assigned ; and that the burden of proof on this point was on the appellant.

The jury returned a verdict for the appellees.

If the Court should be of opinion, that the ruling was incorrect, the verdict was to be set aside and a new trial to be granted ; otherwise judgment was to be rendered on the verdict.

Cockayne
v.
Sumner.

April 3d.
April 6th.

W. J. *Hubbard* and *Watts*, for the appellant, cited *Bachel der* v. *Fisk,* 17 Mass. R. 464 ; 1 Stark. on Evid. 376.

B. *Sumner* and *Field,* for the appellees.

SHAW C. J. delivered the opinion of the Court. The present claim is founded upon equitable principles. The plaintiff, the defendants' testator and Hayes, were jointly bound for a large debt, in New Orleans. The plaintiff and the defendants' testator respectively, paid their proportions, but Hayes became insolvent and did not pay his. These parties stood in the nature of sureties for Hayes ; the plaintiff paid a large sum on that account, and he calls on the defendants for contribution. If the case rested here, the plaintiff would undoubtedly be entitled to recover. But it is a good answer to this equitable claim upon a co-surety for contribution, that Hayes, the principal, had paid the debt or given satisfactory security for it, or that the plaintiff released or discharged him. To substantiate this defence, the defendants have shown, that Hayes made an assignment, denominated by the laws of Louisiana a *cessio bonorum,* to an amount apparently more than sufficient to pay all his debts, including the claim of Cockayne, Watts & Co., who were included among the creditors ; and if this is not an absolute bar, at least it is so *primâ facie,* and unless the creditor shows, that he has not received, and will not receive any thing under it. The question must, of course, depend on the laws of Louisiana ; which we must ascertain by the best means in our power. As we understand them, a *cessio bonorum* transfers the whole of the debtor's property into the possession of the creditors, and they have power to appoint a syndic, by a majority in number and amount. The syndic has the custody, management and disposition of the property, and he is the agent of the creditors, and accountable to them. If property be lost, they are to sustain the loss. After a cession of goods, the creditor cannot sue the debtor, until it appears that the creditor will realize nothing from the assigned property, as where he can show, that the assigned property will not be more than sufficient to pay privileged debts. In that case, if the debtor has not been discharged by the act of the creditors, which discharge may be given by a certain proportion of the creditors in number and amount, a

creditor may commence and maintain an action, as in other cases. *Fitzgerald* v. *Phillips*, 3 Martin, 588 ; *S. C.* 4 Martin, 559 ; *Enet* v. *His Creditors*, 4 Martin, 307.

In the present case, the presumption is, that the plaintiff knew of the *cessio bonorum* made by Hayes, and being a public proceeding, conducted according to the provisions of law, he was bound by it. He participated in the choice of a syndic, or might have done so. During this proceeding he could not maintain a suit against Hayes himself ; and it appearing that the property thus assigned for the benefit of creditors generally, was specially appropriated to cover the whole debt from Hayes to the plaintiff, including the sum which he now claims of Willey's estate, this was *primâ facie* evidence of satisfaction by the principal. And the Court are of opinion, that the plaintiff cannot maintain a suit against Willey, without showing what disposition had been made of the assigned property, and that, upon settling the account, he would receive nothing from it, and thus rebutting the *primâ facie* evidence of satisfaction ; and the burden of proof was upon the plaintiff. The Court are therefore of opinion, that the direction in this respect was right, and that the verdict, being conformable to it, cannot be set aside.